123 N.J. Super. 291 (1973)
302 A.2d 545
SLEGERS-FORBES, INC., A NEW JERSEY CORPORATION, AND MALCOLM S. FORBES, PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY HIGHWAY AUTHORITY, A BODY POLITIC AND CORPORATE, GARDEN STATE PARKWAY, AND JOHN B. GALLAGHER, DIRECTOR, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 12, 1973.
Decided March 29, 1973.
*292 Before Judges FRITZ, LYNCH and TRAUTWEIN.
Messrs. Ozzard, Rizzolo, Klein, Mauro and Savo, attorneys for appellants (Mr. George A. Mauro, Jr. on the brief).
Messrs. Hiering, Grasso, Gelzer & Kelaher, attorney for respondents (Mr. Sheldon R. Franklin, attorney).
PER CURIAM.
Plaintiffs challenge as arbitrary, capricious and unreasonable a 1961 resolution adopted by defendant New Jersey Highway Authority whereby the use of motorcycles *293 is barred on the Garden State Parkway. They also charge that the resolution is unconstitutional in that it violates the Fourteenth Amendment of the United States Constitution. In any event, say plaintiffs, there is no reasonable relationship today between the prohibition in 1961 of motorcycles on the Parkway and the health, safety and welfare of the public.
Administrative regulations such as that here involved are endowed with a presumption of validity and unless clearly ultra vires on their face, the person attacking them has the burden of proving otherwise. Cole Nat. Corp. v. State Bd. of Examiners, 57 N.J. 227, 231 (1970). It is well recognized that the Highway Authority has broad powers in the area of traffic flow. McKenna v. N.J. Highway Authority, 19 N.J. 270, 281 (1955); N.J.S.A. 27:12B-18 (g). Though a regulation of motor vehicles, even to the extent of their complete exclusion from particular streets may be considered drastic, a court is not at liberty to substitute its judgment for that of the governing authority where the regulation bears a direct relationship to the public safety and is reasonable and not arbitrary. Garneau v. Eggers, 113 N.J.L. 245 (Sup. Ct. 1934). And we may not substitute our independent judgment for that of an agency such as the Highway Authority where its findings are supported by substantial evidence.
Plaintiffs rely on State v. Ernst, 110 N.J. Super. 520 (Cty. Ct. 1970), where the court held invalid a regulation of the Atlantic City Expressway Authority which prohibited operation of motorcycles on the Expressway. The only evidence in support of the regulation there was a report prepared for the Garden State Parkway concerning prohibition of motorcycles on that highway, and a letter from a State Police lieutenant assigned to the Expressway. The court found that neither document afforded support for the Expressway regulation. As the court said, the Garden State Parkway report was prepared for a "completely different roadway, with different characteristics and mileage," and the *294 lieutenant's letter "as a basis upon which to adopt a regulation excluding motorcycles is of doubtful value, considering the fact that it was based on his personal beliefs and observations rather than empirical data." 110 N.J. Super. at 526.
Not so here. The instant regualtion was bottomed on reports of the Parkway traffic engineer, Kohn, the Parkway operations manager, and the engineering firm of Parsons, Brinkerhoff, Quade and Douglas. Kohn concluded that motorcycles caused 40 times their proportionate share of accidents, resulting in 72 times their proportionate share of injuries and 213 times their proportionate share of deaths. The report by the Parsons firm stated, among other things, that a motorcycle is not suited to cope adequately with bumper-to-bumper, stop-and-go traffic as, for example, encountered on the Parkway in Essex County during rush hours. It concluded:
As the motorcycle, a two-wheeled vehicle, is not compatible with the other vehicles using the Parkway, it is our opinion that increased safety would be attained by a more homogeneous traffic stream from which motorcycles as a completely different vehicle type, would be eliminated.
As a result of these reports and the recommendation of the Traffic Safety Committee, the Authority adopted the subject resolution. Because of the instant challenge to the regulation, the Parkway employed an engineering consultant, Edwards and Kelcey, Inc., to make a current study. In October 1972 that firm filed an extensive report entitled "Motorcycle Operation and Safety  The Garden State Parkway  October 1972." It concluded that all relevant factors "clearly indicate that the continuance of the prohibition on motorcycle use is in fact both necessary and desirable for the safety of persons and property on the Garden State Parkway." On October 6, 1972 the Highway Authority, relying on the report of Edwards and Kelcey, Inc., adopted a resolution *295 reaffirming the prior resolution excluding motorcycles from the Parkway.
Since there is substantial evidence in the record in support of the reasonableness and viability of the regulation in question, we affirm.